Williams, J.
The cause of the relator is placed in the argument entirely upon the ground that the first *390 of the statutes referred to in the statement of the case is in conflict with section 26 of article 2 of the constitution; and that statute, which provides for the creation of the court of insolvency, being invalid, as stated, the invalidity of the other two statutes which attempt to confer certain jurisdiction on that court, it is claimed must follow. But, if the first act be held constitutional, then counsel say that “any reasoning leading up to that conclusion would equally justify the conferring of particular jurisdiction upon a court created thereby so long as the jurisdiction thus conferred was not so exclusive as to be an invasion of the concurrent jurisdiction of the court of common pleas in the county where the court exists, and we perceive no reason of either law or policy which would require the insolvency court to be curtailed of any jurisdiction mentioned in the statutes assailed in the various causes of action in the petition.”
Accepting that view, it is unnecessary to enlarge the report of the case beyond a consideration of the particular question so presented. No specific provision of the statute is relied on.more than any other as raising the alleged conflict with the constitution. The objection made is a general one, namely, that being local in its operation, it undertakes to provide for the establishment of a court, which, it is claimed, is a subject of a general nature, and upon which legislation is forbidden that is not available and operative alike in all parts of the state. The inquiry here may be further reduced by the concession that the statute is limited in its operation to a single county. That section 26 of article 2 of the constitution imposes a limitation upon the legislative power conferred by section 1 of that article, is not disputed. But, by section T of article 4, there is a special grant *391 of legislative power upon a particular subject, which itself prescribes the rule for the government of the legislative body in the exercise of that power. It provides that: “The judicial power of the state is vested in a Supreme Court, circuit courts, courts of common pleas, courts of probate, justices of the peace, and such other courts inferior to the Supreme Court, as the general assembly may from time to time establish.” The power is here undoubtedly granted to the general assembly to create courts other than those enumerated in the section; and the material inquiry is, what other courts may be so created? The answer is found in the language of the section, which is, “such” other courts “as the general assembly may from time to time establish.” That language vests in that body full power to determine what other courts it will establish, local, if deemed proper, either for separate counties or districts, and to define their jurisdiction and powers. The only limitation placed upon the exercise of that power is that the courts so established shall be inferior to the Supreme Court, subject, of course, to the further qualification that no legislation can alter the judicial system established by the constitution, nor interfere with the courts designated by that instrument as the recipients of the judicial power. Apparently there could, have been but one purpose in making this special grant of legislative power, and that was to enable the general assembly to meet, the public needs for additional courts, as they might arise in different parts of the state. It is hardly probable that it was considered or contemplated that the same necessities in that respect would arise at the same time in all parts of the state. Hence, the power was given to establish these additional courts *392 from time to time, as in the opinion of the legislative body the public exigencies should appear to render necessary or proper. That such was the scope of the authority granted by this section prior to its amendment in 1883, was held in Steamboat v. Milliken, 7 Ohio St., 383, 387, and is not controverted by counsel. The original section reads as follows: “The judicial power of the state is vested in a Supreme Court, in district courts, courts of common pleas, courts of probate, justices of the peace, and such other courts, inferior to the Supreme Court, in one or more counties, as the general assembly may, from time to time, establish.” In the amended section circuit courts were substituted for district courts, and the words “in one or more counties,” were omitted. That omission, it is urged, deprived the legislature of the power theretofore possessed by it to create any local court. The conclusion doés not follow.. As has already been noticed, the power to create “such” courts inferior to the Supreme Court, as the general assembly may from time to time establish, includes the necessary power to determine what courts of that kind shall be so established. That power was not enlarged by the presence in the original section, of the words “in one or more counties.” It had been claimed prior to the amendment that those words operated as a restraint on the power of the legislature to determine the character of the courts that could be established, to the extent, at least, that they should be coextensive in jurisdiction with the territorial boundaries of a county. Steamboat v. Milliken, supra. That claim was not sustained. And, since the words neither enlarge nor circumscribe the discretionary power of the general assembly, their retention in the amendment would accomplish no purpose.
*393 The question here determined was not raised in State v. Archibald, 52 Ohio St., 1. For that reason that case cannot be regarded as an authority in the present case. The statute there passed upon and sustained related to the court of insolvency of Hamilton county, and the objection made to it was that it was in conflict with section 8 of article 4 of the constitution. Similar provisions contained in the statutes involved in the case now before us are assailed on the same ground; and upon the question raised in the relator’s petition with respect to those provisions the former case is applicable by analogy, in so far as the objections made to them are the same as those determined in that case.
It may be proper to correct here a misapprehension which appears to have, arisen in regard to the unreported case of Meyer v. Dempsey, 62 Ohio St., 637. It was not decided in that case that the act establishing the court of insolvency of Hamilton county was in violation of section 26 of article 2 of the constitution. The act there in question (93 O. L., 669) was an amendment to the act creating that, court, and it attempted to confer exclusive jurisdiction on that court of various matters within the jurisdiction of the court of common pleas. It was that feature of the statute, which, it was held, rendered it unconstitutional, leaving the original act creating the court, unaffected.

Demurrer sustained and^petition dismissed.

Minshall, C. J., Burket and Davis, JJ., concur. Shauck, J., dissents.